NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARK SPITZ : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | |
| v. : | **OPINION** |
| MEDCO HEALTH SOLUTIONS, INC., : | Civil Action 2:10-cv- 01159 (DMC)(JAD) |
| *et. al.* : | |
| Defendants : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before this Court upon motion by Medco Health Solutions, Amplify Sports Entertainment and Michael Neuman ("Defendants") to dismiss Counts 2, 3, 5, 8, 10 and 11 of the complaint by Mark Spitz ("Plaintiff") pursuant to Fed. R. Civ. 12(b)(6)  in lieu of an answer. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard.  After carefully considering the submissions of all parties, it is the decision of this Court that Defendants' motion is **granted**.

## I.    BACKGROUND

On March 4, 2010, Mark Spitz ("Plaintiff") filed a complaint alleging eleven causes of action against Medco Health Solutions, Inc, as well as Michael Neuman and Amplify Sports and Entertainment, L.L.C. The dispute arose over a contract to use Plaintiff's name and image in an advertising campaign. Under the terms of the original contract, Defendant was entitled to use Mr. Spitz' name and likeness through December 31, 2008. Subsequent to the original agreement the parties executed an Amendment that extended the contract to include the filming of an additional

commercial.  Plaintiff contends that a second Amendment, identical to the first but for a change of date from 2008 until 2009 was executed as well. Plaintiff contends that the existence of two Amendments that are at odds with one another suggests fraudulent conduct on the part of Defendants.

On May 3, 2010 Plaintiff filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6). Rather than oppose the motion, Plaintiff submitted an untimely amended complaint, which this Court dismissed pursuant to an  an order entered on August 27, 2010.

## II.   LEGAL STANDARD

### A.   Fed. R. Civ. P. 12(b)(6)

"The [d]istrict [c]ourt, in deciding a motion under Fed. R. Civ. P. 12(b)(6), [is] required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).   "While a complaint attacked  by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly,  550 U.S. 544, 555 (2007).  "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).   "Factual allegations must be enough to raise a right to relief above a speculative level, [ ] on the assumption that all factual allegations in the complaint are true (even if doubtful in fact)."  Bell at 555-56. The Complaint must set forth direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 562, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). That said, something more than a mere *possibility* of a claim must

be alleged; the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Id* at 570.

B.      Pleading Requirements of Fed. R. Civ. P. 9(b)

Fed. R. Civ. P. 9(b) provides that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." As the Third Circuit has held, [i]n order to satisfy Rule 9(b), plaintiffs must plead with particularity the circumstances of the alleged fraud in order to place defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Lum v. Bank of America*, 361 F. 3d 217, 223-24 (3d Cir. 2004) (internal quotations omitted). Plaintiffs can satisfy this requirement either "by pleading the date, place and time of the fraud, or through alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Id.* at 224. Plaintiffs must also "allege who made a misrepresentation to whom and the general content of the misrepresentation. *Id.* Ultimately, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937,1949 (2009) (citing *Twombly,* 550 U.S. at 556). The Court has no duty to "conjure up unpleaded facts that might turn a frivolous action ... into a substantial one." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 562, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citing *McGregor v. Industrial Excess Landfill, Inc.,* 856 F.2d 39, 42-43 (6th Cir.1988).

C.      Lack of Opposition to Motion to Dismiss, Fed. R. Civ. P. 12(b)(6)

The fact that Plaintiff did not file an answer to the instant motion, nor respond to the Court's dismissal of the amended complaint, coupled with the fact that the putative amended

3

complaint withdrew several claims that are at issue in this motion would suggest that this motion is unopposed. Although the Third Circuit allows that "there may be some cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney," the Court will nonetheless conduct a review of the merits in order to prevent any inference that granting the motion to dismiss is a sanction based on the failure of Plaintiff to respond in an appropriate manner. *See Stackhouse v. Mazurkiewicz*, 951 F. 2d 29, 30 (C.A. 3 (Pa), 1991).

III.   DISCUSSION

A.   Counts 2, 8 and 10 of Plaintiff's Complaint

Although, as previously stated, this Court has undertaken an analysis based on the merits rather than simply relying on the fact that Plaintiff has not opposed the instant motion, it must be noted that the lack of opposition leaves precious little for the Court to rely on. In fact, all the Court has before it are the complaint and the two exhibits that Plaintiff attached thereto. It is therefore assumed, for example, that Plaintiff raises no objection to the mandatory forum selection clause contained in both the Original Agreement between the parties, and in both of the Amendments, which states "this Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey and jurisdiction and venue shall be vested in the federal, state and local courts of the State of New Jersey." (Original Agreement, Paragraph 10, Plaintiff's exhibit "A," ECF Doc.1-1, page ID 28).[1]

In New Jersey, "when parties to a contract have agreed to be governed by the laws of a

---

[1] The fact that in Plaintiff's untimely motion to amend the complaint Plaintiff had attempted to convert its California state claims to New Jersey state claims lends credence to the assumption that Plaintiff acknowledged that New Jersey law would apply to any dispute between the parties.

particular state, New Jersey courts will uphold the contractual choice if it does not violate New Jersey's public policy." *No. Bergen Rex Transp., Inc. v. Trailer Leasing Co.*, 158 N.J. 561, 568-69 (1999). Moreover, to the extent that Plaintiff might have argued that the mandatory forum clause would apply to contract based claims, but not to fraud claims, Courts have held that " choice of law clauses... that provide[s] for an agreement to be *'governed and construed'"*by the law of the chosen state, have been held to apply to *fraud* claims as well as strictly contract claims." *See Hitachi Credit America Corp. v. Signet Bank,* 166 F.3d 614, 628 (4th Cir. 1999).Counts 2, 8, 10 are based exclusively on violations of California law. Since by the terms of the parties' own undisputed Agreement and subsequent Amendments to that Agreement New Jersey law applies, this Court exercises no jurisdiction over the California state claims and thus can grant no relief. Accordingly, they must be dismissed.

        B.      <u>Counts 3 and 5 of Plaintiff's Complaint</u>

        Counts 3 and 5 of Plaintiff's complaint concerns Medco's alleged fraudulent conduct. In Count 3, Plaintiff alleges fraud, and in Count 5, Plaintiff alleges intentional misrepresentation. Plaintiff alleges that Defendant Medco "secretly fabricated a second version of the Agreement, changing the expiration date to December 31, 2009. See Exhibit "B" attached hitherto." (ECF Doc. 1, page 6). The Court notes with some confusion that Exhibit "B" makes no mention of the December 31, 2009 date of which Plaintiff complains. In fact, none of the documents submitted by either party references the 2009 date. While there may be an issue as to whether Defendant continued to use Plaintiff's image and likeness after the expiration of their contractual agreement on December 31, 2008, and for purposes of the instant motion we accept that allegation as true, there is no indication from the papers before this Court that fraud has been adequately pleaded, pursuant to Fed. R. Civ. P. 9(b). Not only does Plaintiff fail to back up its claim that Defendant

"secretly fabricated" a document with anything other than that conclusory and highly inflammatory allegation, there is no indication that the supposedly fraudulent document, signed and executed by the parties, contained anything to which Plaintiff might fairly take exception or claim itself to have been defrauded by. Both Amendments, submitted by Plaintiff as "Exhibit A" and "Exhibit B" respectively with the original complaint, are virtually identical, with only two exceptions that this Court can discern. The first difference is that "Exhibit A," the Amendment that Plaintiff identifies as the true representation of the parties' intentions, specifies an expiration date of December 31, 2008, and "Exhibit B," the Amendment that Plaintiff purports to have been falsified, makes no mention of any expiration date whatsoever. "Exhibit B" does, however, reference the Original Agreement, also submitted as part of "Exhibit A," insofar as it says in Article 2, "the terms and conditions of the Original Agreement shall remain in full force and effect." (ECF Doc. 1-2, page ID 37). The Original Agreement states in Article 3, "the term of the Agreement shall be from the Effective Date through December 31, 2008 unless earlier terminated pursuant to article 6 or extended by mutual consent of the parties." Based on the contractual language submitted by Plaintiff, the Court can not draw any inference to credit Plaintiff's objection to the Amendment, much less its allegation of fraud. In fact, the only significant discrepancy that the Court can find between the two Amendments that Plaintiff has submitted is that Plaintiff was to receive an additional $50,000 of compensation according to the Amendment identified as "Exhibit B." Since Plaintiff's pleadings are clearly inadequate to allege fraud sufficient to meet the requirements of Rule 9(b), counts 3 and 5 of the complaint must be dismissed.

C.   Count 11 of Plaintiff's Complaint
A recent case in our circuit applies the heightened pleading requirements of Rule 9(b) to claims of civil conspiracy as well. The Court writes:

since *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit
has applied their holdings in the context of civil conspiracy claims. *See
Capogrosso v. Supreme Court of the State of New Jersey,* 588 F.3d 180, 185 (3d.
Cir.2009) (citing *Crabtree v. Muchmore,* 904 F.2d 1475, 1481 (10th Cir.1990)
(holding that "judicial conspiracy" claim must include a "discernable factual
basis," i.e., "provide some factual basis to support the existence of the elements of
a conspiracy: agreement and concerted action"); *Marangos v. Swett,* 341
Fed.Appx. 752, 755-56 (3d. Cir.2009) (plaintiff's complaint alleging that ex-wife,
judge, and refinancing companies conspired to grant the ex-wife the proceeds of
the loan dismissed due to its reliance on legal conclusions and failure to make
factual allegations of any concerted action between the defendants); *Feliz v. The
Klintock Group,* 297 Fed.Appx. 131, 136 (3d. Cir.2008) (dismissing plaintiff's
complaint because it made no "allegations of at least some facts which could
permit a reasonable inference of a conspiracy").
Synthesizing the holdings in these cases, to plead a claim of civil
conspiracy, a plaintiff must plead sufficient facts to allow the court to reasonably
infer that the defendants had some form of agreement and engaged in concerted
action in furtherance of that agreement."
*Sawl v. The Borough of West Kittanning*, 2010 WL 1444868, 6 (W.D.Pa.).

In the instant case the Court finds no well-pled  allegation that explains with any level of

particularity how the alleged conspiracy was hatched or organized, or even to whose benefit it

enured. Accepting, as we must, that there was a breach of the contract between the parties does

not imply or suggest that a conspiracy was afoot amongst the various Defendants. Moreover, the

fact that Plaintiff pleads that "Spitz is informed that at all times mentioned in this complaint,

each of the Defendants was the agent and/or employee of the remaining Defendants and was

acting within the course and scope of such agency and employment." (ECF Doc. 1, page 2

"General Allegations") defeats, as a matter of law, the conspiracy that he alleges since, as

Defendants correctly point out, an agency relationship invokes the intracorporate conspiracy

doctrine. Without a showing or allegation that the parties each "acted for their sole personal

benefit" *See Heffernan v. Hunter*, 189 F. 3d 405, 412 (3d Cir. 1999) the fact that they were

agents or employees of one another as alleged in Plaintiff's complaint makes the count of civil

conspiracy impossible to maintain.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss Counts 2, 3, 5, 8, 10 and

11 pursuant to Fed. R. Civ. P. 12(b)(6) is **granted**. An appropriate Order follows this Opinion.


                                                                         S/ Dennis M. Cavanaugh
                                                                        DENNIS M. CAVANAUGH, U.S.D.J.

Date:    November    1 , 2010
cc:        Hon. Joseph A. Dickson, U.S.M.J.
             Counsel of Record